**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

vs.

DAT COMPUTER KNOWLEDGE, INC., a Minnesota corporation; and DAN BLOWERS, an individual,

Defendants.

Case No. 01-CV-2266 ADM/AJB

**ORDER**

Having considered Microsoft Corporation's ("Microsoft") Application for Entry of Default Judgment, Memorandum in Support of Plaintiff Microsoft's Application for Entry of Default Judgment, the Declarations of Kara L. Benson, Laurie Stein, and John David Leyba in support thereof, the Complaint, and other papers in the Court's file in this matter,

**THE COURT ORDERS AS FOLLOWS:**

1. Defendant DAT Computer Knowledge, Inc. is liable to Microsoft for willful copyright infringement of the following works:

   a. Txu 649-511 ("Windows 95");

   b. TX 4-687-920 ("Windows 98");

   c. TX 4-395-984 ("Office 97(Professional Edition)");

   d. TX 4-395-639 ("Access 97");

   e. TX 4-395-640 ("Excel 97");

   f. TX 4-395-686 ("Outlook 97");

   g. TX 4-395-685 ("PowerPoint 97"); and

   h. TX 4-395-687 ("Word 97");

FILED JUN 6 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUN 6 2002
DEPUTY CLERK

2. Defendant DAT Computer Knowledge, Inc. is liable to Microsoft for willful trademark infringement under federal law, 15 U.S.C. § 1114 et seq., resulting from its use in commerce of Microsoft's trade dress and use and imitation of the following Trademarks and/or Service Mark Registration Numbers:

a. 1,200,236 ("MICROSOFT");

b. 1,256,083 ("MICROSOFT");

c. 1,816,354 (WINDOWS FLAG LOGO);

d. 1,815,350 (COLORED WINDOWS LOGO);

e. 1,872,264 ("WINDOWS");

f. 1,475,795 ("POWERPOINT");

g. 1,741,086 ("MICROSOFT ACCESS");

h. 1,592,783 ("BOOKSHELF"); and

i. 2,188,125 ("OUTLOOK");

3. Defendant DAT Computer Knowledge, Inc. is liable to Microsoft for unfair competition and deceptive trade practices under federal law, 15 U.S.C. § 1125, and under the laws of the State of Minnesota;

4. Microsoft is hereby awarded judgment against Defendant DAT Computer Knowledge, Inc. as follows:

| | | |
|---|---|---|
| a. | Statutory Damages . . . . . . . . . | $1,040,000.00 |
| b. | Attorneys' Fees . . . . . . . . . . | $5,010.00 |
| c. | Costs . . . . . . . . . . . . . . | $444.00 |
| Total Judgment | | $1,045,454.00 |

5. This judgment shall accrue interest, compounded annually, pursuant to 28 U.S.C. §1961.

6. Defendant DAT Computer Knowledge, Inc. shall be permanently enjoined from further infringing any of Microsoft's copyrights and trademarks, according to the terms of the Permanent Injunction Order issued by the Court on this date.

**IT IS SO ORDERED.**

**JUDGMENT TO BE ENTERED ACCORDINGLY.**

DATED: June 5, 2002

The Honorable Ann D. Montgomery
United States District Judge

M2:20447818.01

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

- ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.